## Cawley *v.* American Railway Express Co., Appellant.

*Workmen's compensation—Injury from personal assault—Act of June 2, 1915, P. L. 736.*

1. Under section 301 of the Act of June 2, 1915, P. L. 736, which excludes, from the operation of the act, claims where the injury results from personal assault, not relating to the employment, an employee cannot recover where it appears that he had engaged in a quarrel with a fellow employee, over a matter not relating to his employment, that this ended in a fight, and that claimant, while running from his assailant to escape a blow, and before the quarrel had ceased, tripped and fell from a platform on defendant's premises, and was injured.

Argued Oct. 13, 1922. Appeal, No 76, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 1764, affirming decision of Workmen's Compensation Board, in case of William Cawley v. American Railway Express Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board affirming award of referee. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Charles F. Patterson,* for appellant.—The case falls within the exception in section 301 of the Workmen's Compensation Act.

*Howard Zacharias,* with him *Harry Shapiro,* for appellee, cited: Keyes v. Ry., 265 Pa. 107; Callihan v. Montgomery, 272 Pa. 56; Siglin v. Armour, 261 Pa. 30; Hale v. Brick Co., 75 Pa. Superior Ct. 454; Granville v. Coal Co., 76 Pa. Superior Ct. 335.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

The Workmen's Compensation Board made an award to Cawley, who was injured on the premises of his employer, the American Railway Express Company. On the day of the accident, when his work as a laborer was completed, and he was walking along the platform used for loading cars, intending to leave the building, he met two other employees. A controversy arose with one Goehring, over matters having no relation to their employment, which ended in a fight. Cawley was knocked down, but returned to the affray, striking his opponent with a crowbar. The altercation continued while the men walked along, each employee striving to injure the other, but they were prevented from doing harm by the interference of a third party. Goehring again attempted to hit the claimant, who ran some thirty feet, and was pursued two-thirds of this distance. The latter then tripped over a steel plate leading from the platform to a car, and was thrown to the tracks below and injured. Compensation was allowed by the referee, his conclusion was approved by the board, and by the court below, on appeal. The right to recovery is now challenged, it being insisted that the case is within the exception found in section 301 of the Compensation Act, excluding from its operation claims where the injury results from personal assault, not relating to the employment.

The paragraph referred to attempts to define injury which is compensable, and denies the right where "intentionally self-inflicted," and when "caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment." It provides for an award where the harm is occasioned by "the condition" of the working place, or where the employee "is injured upon the premises occupied by or under the control of the employer." The question of negligence or contributory negligence has no part in the determination of liability, and the only matter to be passed upon is

the application of the second exception, noted above, to the facts found by the referee, which are amply supported by the record evidence. A liberal construction in favor of the employee is to be given to the language used; nevertheless, there is no right to add to the words adopted by the legislature, so as to impose liability in cases exempted from the provisions of the act (Maguire v. Lees & Sons Co., 273 Pa. 85), and, if the evidence shows the claim to be in the noncompensable class, as therein defined, it must be so held.

In reaching a proper conclusion, little aid is given by the decisions of other states. Most of those reported deal with injuries sustained by playful or sportive acts of co-employees, and turn upon the wording of the act there under consideration. Recovery is usually denied for the reason that, though the loss occurred in the course of employment, it did not "arise" therefrom. Proof of the latter element is not required under our act (Callihan v. Montgomery, 272 Pa. 56), and the injury is therefore compensable when it sufficiently appears the accident occurred while the claimant was engaged in his regular service. The distinction to be drawn has been clearly pointed out in Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, where the authorities have been collected, and ably discussed. Attention may be called also to Knocks v. Metal Package Corp., 185 N. Y. Supp. 309, and Moore's Case, 225 Mass. 258, 114 N. E. 204, where the facts are similar to those found here, but the statutes there considered made necessary a finding that the injury did "arise from" the employment, if judgment was to be entered for the claimant.

Section 301 of our act withholds an allowance when the injury is the result of a personal dispute, but not in all cases. If the controversy had its origin in the service, and the blow was directed to the one hurt "as an employee, or because of his employment," he may be compensated notwithstanding. Unless, however, these qualifying facts appear, no award can be made. So, if the

quarrel arose as a result of the occupation, but the assault occurred off the premises, no recovery may be had: Maguire v. Lees & Sons Co., supra. With like reason, if the injury is inflicted at the place of work, but the scuffle is without relation to the service, no compensation is to be awarded.

Cawley was an employee, and still upon the premises of the employer when injured, and could be said to be in the course of employment until he left his working place. Any injury occurring to him there was compensable, irrespective of the question of negligence or lack of care upon his own part, unless he was brought within one of the exempted classes. If the quarrel in which he was engaged had ceased prior to his tripping over the steel plate, he could undoubtedly be awarded compensation, but it had not. The dispute continued along the platform, and he fell within thirty feet of the point where he last attempted to assault Goehring, and was in the act of escaping from the delivery of a return blow when he tripped. It was all part of the same transaction. If his injury had resulted from an actual blow of his coemployee,—the other conditions to be noticed later being present,—there could be no award. Or, if it arose by falling when hit, the same result would be reached. With like reason, when the accident occurred as here described, no recovery is permissible.

The referee has found the quarrel had no relation to the business in which claimant was engaged. Had the contrary been true, a different situation would be presented, for, the employee would not come within the exception if injured under such circumstances. Here, the conflict was solely an individual matter, arising from the animosity of the two involved, and in this differs from the case of Hale v. Savage Fire Brick Co., supra, relied on below, which really turned on whether the claimant at the time was in the course of his employment. Clearly, the boy there hurt was not engaged in an encounter, arising from "personal enmity."

But it is said that, although the fight was not by reason of employment, the further wording of section 301, permits recovery, because the accident occurred on the premises. To hold that any injury received at the place of work is compensable would nullify the exception appearing therein. Suppose the blow delivered did not produce physical harm, but caused the prostration of claimant, where his head struck the concrete floor,—a part of the premises,—inflicting the injury. Surely, it could not be said the damage was not the result of the quarrel, and that an award could be made; we see no reason to differentiate where the accident occurred a few feet distant, as a part of the same controversy, by falling over an obstacle, instead of being felled by the club used. If the exemption of liability is to be given any fair meaning, it must cover a case such as this.

For the reasons stated, we cannot agree with the view of the court below and the compensation board. We are constrained to give effect to all parts of section 301, as enacted by the legislature; to interpret it as allowing a recovery whenever the injury occurs to an employee on the premises, and by reason of "the condition" thereof, would disregard that portion which exempts from liability where the injury directly flows from a personal assault, having nothing to do with, and not the result of, the claimant's employment.

The judgment of the court below and the award of the compensation board are reversed and judgment is here entered for defendant.