## Dolan, Appellant, *v.* Linton's Lunch.

Argued January 5, 1959; reargued April 24, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

116

*Irwin Paul,* for appellant.

*Paul H. Ferguson,* with him *James F. Malone,* for appellee.

OPINION BY MR. JUSTICE McBRIDE, July 2, 1959:

This is an appeal from an order sustaining defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint in trespass.

Plaintiff, Dolan, averred that while he was lawfully on the premises of defendant, Linton's Lunch, pursuing his duties as its employee, one Bernard Boyle, a fellow employee, came upon the premises and without provocation proceeded to administer a beating to plaintiff. He alleged as well that this same fellow employee had been guilty of similar previous assaults upon other employees with knowledge of defendant, which therefore was guilty of negligence (a) in failing to provide a safe place for plaintiff to work; (b) in failing to provide adequate protection for the person of plaintiff while lawfully on the defendant's premises; (c) in inviting plaintiff upon its premises and failing to safeguard his rights; (d) in failing to keep Boyle from its premises; and (e) in failing to properly police its premises so that plaintiff could perform his duties without interference by Boyle.

The complaint does not allege that the defendant is liable on a theory of respondeat superior nor does it in any way allege that the assailant committed the assault in the course of *his* employment.

In sustaining defendant's demurrer the court below held that the sufficiency of the complaint, in stating a common law cause of action in trespass, was not questioned but that the court had no jurisdiction to entertain the complaint since plaintiff was limited exclusively to the statutory remedy provided in the Pennsylvania Workmen's Compensation Act. Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1, et seq. With this conclusion we cannot agree.

The Workmen's Compensation Act provides for compensation without resort to a suit at law in all cases of injuries to employees arising from accidents in the course of employment. It provides for compensation in such cases even though the employer was not negligent and the employee was.

Section 302(a) of the Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §461, provides: "In every contract of hiring . . . it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making, . . . an express statement in writing, from either party to the other, that the provisions of article three of this act are not intended to apply, . . . ."

Dolan and Linton's Lunch have not entered into any such agreement. Both have therefore agreed to be bound by the Act. Section 303 provides that such acceptance shall ". . . operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article

118

three of this act. . . ." Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §481.

Defendant has contended therefore that plaintiff is solely limited to whatever rights, if any, that he has under the act. However, plaintiff has accepted this act and agreed to forego his common law remedies only for "any injury or death occurring in the course of his employment". Section 301(c) of the Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §411, which defines the terms used in the act, provides in part: ". . . The term 'injury by an accident in the course of his employment,' as used in this article, *shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment;* but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." (Emphasis supplied)

This definition specifically excludes from an "injury by an accident in the course of his employment" an assault or attack by third persons because of personal animosity against the employee and which does not result because of the relationship between employer and employee. *Rathburn v. Sussman Bros. & Co.,* 127 Pa. Superior Ct. 104, 193 Atl. 488 (1937). The court below recognized that this definition set forth an

exclusion to the coverage of the Workmen's Compensation Act but held: "A cursory reading of this section evidences the legislative intent to exclude from the coverage of the Act injuries inflicted upon an employe by a third party because of personal enmity and *in no way connected with the employer's business.*" (Emphasis supplied) The court then went on to say that the allegation of plaintiff that at the time he received the injury he was "pursuing his duties" as an employee of the defendant set forth a "classic case" for proceeding under the provisions of the act.[1] Hence, the court held this injury was not within the exclusion provided in the act because it was incurred while plaintiff says he was "pursuing his duties". However, if the attack is directed against the employee for personal reasons not connected with his employment, even though the assaulted employee is at that time pursuing the business of his employer, the legislature has stated in specific terms that the resulting injury is not an "injury by an accident in the course of his employment" as that term is used throughout the act. This becomes apparent upon a careful and complete reading of this definition. After specifically excluding an attack by a third person based

---

[1] It is obvious that plaintiff included this allegation in order to set forth his common law cause of action (the sufficiency of which has not been attacked by defendant) as reflected in Restatement, Torts, §317, which provides: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control."

upon personal animosity from an "injury by an accident in the course of his employment" the act includes within its coverage "all *other* injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, . . . ." (Emphasis supplied) The only "other" injuries referred to are those which are other than the result of a personal attack by a third person. Hence, the use of the word "other" necessarily implies that a personal attack may or may not be sustained while in the furtherance of an employer's business but, nevertheless, it is not to be included within an "injury by an accident in the course of his employment." To give any meaning at all to the word "other", as we are required to do,[2] this definition must be read so as to exclude a personal attack upon an employee even though it occurs while he is in the scope of his employment. Also, though the term "injury by an accident in the course of his employment" includes "all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon . . ." this does not mean that an injury resulting from an attack for personal reasons even if occurring in "the operation of the employer's business" is included. This interpretation is implicit in the decisions of this court in *O'Rourke v. O'Rourke et al.*, 278 Pa. 52, 122 Atl. 172 and *Meucci v. Gallatin Coal Co.*, 279 Pa. 184, 123 Atl. 766. In both of these cases the Court, in determining if the employee's injuries came within the coverage of the act, started with the premise the employee was acting in the course of his employment at the time he was assaulted

---

[2] In construing a statute we are required to give effect, if possible, to all of its provisions. Section 51 of the Statutory Construction Act of 1937, P.L. 1019, 46 P.S. §551. See also *Jury Estate*, 381 Pa. 169, 112 A. 2d 634.

and then found it necessary to consider further if the assault was the result of personal enmity. The Court recognized that if personal enmity was the reason for the attack it made no difference if it occurred on the employer's premises or if the employee was in the course of his employment, it was still not an "injury by an accident in the course of his employment" within the meaning of the act. In the *O'Rourke* case, supra, at page 54, this Court, speaking through Mr. Justice FRAZER, said: "It is not denied deceased was acting in the course of his employment at the time he sustained the injury above referred to and the sole question is whether the person intended to inflict the injury because of reasons personal to him and not directed against him as an employee, or in connection with his employment, as provided in Section 301 of the Workmen's Compensation Act of 1915." Thus, when an employee accepts the coverage of the act, he does so for all accidental injuries which occur in the course of his employment except those arising from an attack by a third person or fellow employee for personal reasons. This Court, in reviewing the effect of the Workmen's Compensation Act, said in *Zimmer v. Casey*, 296 Pa. 529, 534, 146 Atl. 130: "Article III, Section 301, has to do with the compensation and the injuries. When the employer and the employee accept the article by agreement, the employer agrees to pay compensation for injuries without regard to negligence according to a fixed schedule. *Compensable injuries include all except those arising from personal ill will.*" (Emphasis supplied).

The contention that under §303 the employee surrenders his rights to any form or amount of compensation or damages for "any injury", while his coverage under §301(c) extends only to an "injury by an accident", a more limited class, must fall. This contention

was specifically rejected in the case of *Billo v. Allegheny Steel Co.*, 328 Pa. 97, 195 Atl. 110 (1937), where plaintiff brought an action of trespass against his employer to recover damages for silicosis, an occupational disease, alleged to have been contracted by him while working at defendant's plant and due to defendant's negligence in failing to supply adequate exhaust fans to carry off the dust and insufficient ventilation. At this time, despite constitutional authority to do so, the legislature had not covered occupational diseases. The employer took the position that the action was barred by the Workmen's Compensation Act contending that an employee who contracted silicosis suffered an "injury in the course of his employment" within the meaning of the release provision in §303. In allowing plaintiff to recover the court held that an "injury" in this section must be read to mean an injury by an accident and that the silicosis here did not result from an accident. Hence, we held that plaintiff's right to pursue his common law remedy was not affected by the passage of the Workmen's Compensation Act. In reaching a different result after the inclusion of occupational diseases in the coverage of Workmen's Compensation in *Moffett v. Harbison-Walker Co.*, 339 Pa. 112, 14 A. 2d 111, we explicitly approved the rationale of the *Billo* case. We said *"All the numerous provisions of the Workmen's Compensation Act apply only to cases arising from accidents. . . ."* *Billo v. Allegheny Steel Company*, 328 Pa. 97, 101, 195 Atl. 110 (1937). The provision pertaining to surrender of remedies for "any injury" must be read in conjunction with all other provisions of the act, including §1 of Article I, which provides that the act ". . . shall apply to all accidents occurring within this Commonwealth." Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1.

It is clear that at common law plaintiff did have a remedy for the type of injury he sustained.[3] It is equally clear that this Court has interpreted this section of the act to deny employee's coverage where the facts, as here, demonstrate that the injury was the result of an attack by third persons or a fellow employee for personal reasons. *McDevitt v. Checker Cab Co.,* 288 Pa. 394, 136 Atl. 230 (1927); *Cawley v. American Railway Express Co.,* 276 Pa. 160, 120 Atl. 108 (1923). To read the act so as to deny plaintiff his existing common law remedy without permitting him to come within the protective coverage of the Workmen's Compensation Act might well violate the mandate of Article I, Section 11 of the Constitution of Pennsylvania, which provides: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . ." This provision is not modified by Article 3, Section 21 of the Constitution which enables the General Assembly to enact laws requiring reasonable compensation be paid to employees for injuries arising in the course of their employment without regard to fault. Nowhere in this latter provision[4] is the General

---

[3] See §317 of the Restatement, Torts. See also *Dincher v. Great Atlantic and Pacific Tea Co.,* 356 Pa. 151, 51 A. 2d 710 (1947).

[4] "The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, *of reasonable compensation for injuries to employes arising in the course of their employment,* and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation *and the maximum and minimum limits thereof,* and providing special or general remedies for the collection thereof; *but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property,* and in case of death from such injuries, the right

124

Assembly authorized to enact a law which vitiates an existing common law remedy without concurrently providing for some statutory remedy. Of course, the substituted remedy need not be the same, but that is far different from saying that no remedy at all may be substituted. It is only because of Article 3, Section 21, and the agreement of the parties, that the limited recovery in a Workmen's Compensation case is valid. *Anderson v. Carnegie Steel Co.*, 255 Pa. 33, 99 Atl. 215. In all "other cases" nothing less than full actual damage would satisfy the requirements of Article I, Section 11. *Passenger Railway Co. v. Boudrou*, 92 Pa. 475, 37 AR 707.

It is a long recognized doctrine that whenever an act of assembly is susceptible of different constructions, one in accordance with, and the other in violation of, the constitution, it is the duty of a court of justice to give to the act that construction which harmonizes with the constitution, for such is presumed to be the legislative intent. *Evans v. West Norriton Tp. Municipal Authority*, 370 Pa. 150, 87 A. 2d 474; *Fidelity-Philadelphia Trust Co. v. Hines*, 337 Pa. 48, 10 A. 2d 553; *Penn Anthracite Mining Co. v. Anthracite Miners of Pennsylvania*, 318 Pa. 401, 178 Atl. 291, affirming 114 Pa. Superior Ct. 7, 174 Atl. 11. In any event, our interpretive approach is clear. The legislature intended that the Workmen's Compensation Act

of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." (Emphasis supplied.) (The Act was passed on June 2, 1915, prior to this constitutional amendment which was adopted on November 2, 1915. However, the act was specifically made effective January 1, 1916 which was after the adoption of the amendment.)

would supersede common law actions only as to cases within its coverage. We so held in *Billo v. Allegheny Steel Company,* 328 Pa. 97, 195 Atl. 110. The present plaintiff is not affected by either the coverage or surrender provisions of the act. The act excludes from its coverage attacks upon an employee whether or not they occur while he is pursuing his employer's business and whether or not they are caused by the condition of the employer's premises or by the operation of his business or affairs thereon so long as the reasons for the attack are purely personal to the assailant. In such a case, the plaintiff is permitted to pursue his common law remedy.

We have held that where a claimant sought compensation and it was conceded that he was acting in the course of his employment, the burden was on defendant to show an intention to injure owing to reasons personal to the assailant. *O'Rourke v. O'Rourke,* 278 Pa. 52, 122 Atl. 172; *Keyes v. Railway Co.,* 265 Pa. 105, 108 Atl. 406. This was based upon the rebuttable presumption that such a claimant was covered by the act. Here, however, it is the plaintiff who asserts he is not covered by the act and he must allege facts to show that he is not. *Anderson v. Carnegie Steel Co.,* 255 Pa. 33, 99 Atl. 215.

The complaint is silent as to whether the assailant was performing his duties at the time of the assault and is equally silent as to his reasons for assaulting the plaintiff. For this reason plaintiff's complaint is deficient. It is our opinion, however, that in the interest of justice plaintiff be allowed leave to amend. If he can so amend to aver that the attack by Boyle was for personal reasons, his complaint will set forth a valid cause of action; if he cannot so amend, preliminary objections to the complaint may then properly be sustained.

Order reversed with leave to plaintiff to amend in accordance with this opinion.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES AND MR. JUSTICE COHEN:

We are of opinion that the plaintiff's claim is cognizable under the Pennsylvania Workmen's Compensation Law and would therefore affirm the order of the court below.