Paul M. RONEY

v.

PAUL TISHMAIN CO., Inc.

Civ. A. No. 29880.

United States District Court
E. D. Pennsylvania.

Dec. 1, 1961.

Norman Shigon, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

Defendant, on October 7, 1960, was doing construction work as a general contractor at Haverford Mental Health Center in Delaware County, Pa., under a contract it had entered into with the General State Authority. On that date, plaintiff, an employee of R. E. Carrick Company, a subcontractor of defendant, was injured in the course of his employment when a piece of lumber fell on his back.

The Complaint alleges that defendant committed an assault and battery upon plaintiff by "having, causing, and/or permitting the piece of lumber * * * to fall * * *" (Document No. 1, par. 7). It further alleges that defendant, by deliberate intentional and willful acts, caused plaintiff's injury[1] and avers that defendant is liable for payment under a contract or agreement between it and the General State Authority, of which plaintiff is a third-party beneficiary.[2]

█ Defendant's instant motion is based on the defense of its being plaintiff's "statutory employer" under the applicable Pennsylvania law. The Complaint and the contracts of record (see Documents Nos. 1 and 6) clearly show that plaintiff was the employee of de-

fendant's subcontractor when the injury occurred. The contract between plaintiff's employer and defendant specifically states that the subcontractor (plaintiff's employer) was responsible to furnish all the supervision and that it acted as an independent contractor and not as an agent or employee of defendant (see Exhibit 2 attached to Document No. 6). Under the facts of this case, plaintiff is limited to the compensation payable under the Pennsylvania Workmen's Compensation Act[3] and may not maintain the present suit. See Kieffer v. Walsh Construction Co., 140 F.Supp. 318 (E.D. Pa.1956); Rivera v. Turner Construction Co., 135 F.Supp. 553 (E.D.Pa.1955); Sarne v. Baltimore & Ohio R. R. Co., 370 Pa. 82, 87 A.2d 264 (1952).[4]

█ Plaintiff argues that the above-named Act is not applicable since he has alleged that an "assault" was committed against him. Under Pennsylvania law, the "statutory employer" provision of the Workmen's Compensation Act does not include intentional injury done for personal reasons, but does include all other injuries, including those caused by the conditions of the premises on which the injury occurred. Dolan v. Linton's Lunch, 397 Pa. 114, 152 A.2d 887 (1959). The record does not allege that the injury was caused for personal reasons. The bare allegation that an "assault" was committed does not take the case out of the limitation imposed by the Workmen's Compensation Act. Plaintiff has not sustained his burden of showing that the Pennsylvania Workmen's Compensation Act does not apply.[5]

1. The alleged willful acts, set forth in paragraph 8 of Document No. 1, include a charge of failing to provide adequate safety measures, failure to provide plaintiff with a safe place to work, and failure to properly police the premises.

2. The agreement between defendant and the General State Authority is set forth as Exhibit 1 attached to Document No. 6 and the "General Conditions" attached to Document No. 7.

3. See 77 P.S. §§ 52, 461 and 462.

4. There are no facts alleged in this case which would make applicable the holdings in Spinozzi, etc. v. E. J. Lavino & Company, 243 F.2d 80 (3rd Cir., 1957), or Boettger v. Babcock & Wilcox Company, 242 F.2d 455 (3rd Cir., 1957).

5. A plaintiff asserting that he is not covered by the Workmen's Compensation Act must allege facts which show that he is not covered. Dolan v. Linton's Lunch, supra, 397 Pa. at p. 125, 152 A.2d at p, 887. This rule is applicable

■ Also, plaintiff argues that this suit is based on the provisions of the contract between defendant and the General State Authority.[6] This contract does not prevent the operation of the Pennsylvania Workmen's Compensation Act in this case. Said Act is specifically accepted by the defendant in the contract (see par. 11 thereof). Paragraph 18 of the contract refers to the contractor's responsibility for the work, which is to be done "at his risk," as against the responsibility of the General State Authority, which is to be indemnified from suits, actions or claims arising out of the work. The general statement in paragraph 18 that the defendant contractor shall be responsible for any damages to the public does not give this plaintiff any right to sue the contractor where the Pennsylvania Workmen's Compensation Act specifically denies him such right.[7] See Mowrer v. Poirer & McLane Corp., 382 Pa. 2, 6–7, 114 A.2d 88 (1955).

The Complaint will, therefore, be dismissed.[8]

---

even if a plaintiff charges a neglect of a statutory duty. See Hyzy v. Pittsburgh Coal Co., 384 Pa. 316, 318, 121 A.2d 85 (1956).

6. This contract has been attached to Document No. 7.

Section 17 of the contract reads in part:
"Should a Contractor in the performance of his contract cause damage to any person, property, or work of another Contractor whatsoever, he shall, * * * arrange for an amicable settlement thereon."

Section 18 reads in part:
"The work * * * shall be under the charge and in care of the Contractor and at his risk. Contractor shall take all necessary precaution to prevent injury or damage to the public and to any property or thing during the performance of the contract, and shall be responsible for any damages thereto. Contractor shall indemnify and save harmless The Authority * * * from all suits, actions or claims of any character or description brought for or made on account of any injuries or damages received or

sustained during the performance of the work by any person, persons or property * * *."

7. Keefer v. Lombardi, 376 Pa. 367, 102 A.2d 695 (1954), relied on by plaintiff, did not consider the language that is found in the contract in this case (see pp. 2–4 of defendant's Supplemental Brief docketed as Document No. 10) and did not involve the statutory prohibition involved here. Neither the Keefer case, supra, nor any other case cited in Plaintiff's Brief In Support of Theory of Recovery On Basis of Third-Party Beneficiary (Document No. 9) is so factually similar to the instant case as to support plaintiff's position on this record.

8. No order will be entered relating to the Motion For Production of Documents (Document No. 4), which is referred to in the court's order of August 29, 1961 (Document No. 5), since said Motion is now moot. The briefs of counsel have been docketed as Documents Nos. 7 to 10 in the Clerk's file.