Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Susan C. Bell, Widow of Edwin J. *v.* Kanell Jewelers, Inc. and The Travelers Insurance Company, Appellants.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellants.

*Benjamin Kuby,* with him *Klovsky, Kuby and Harris,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., November 17, 1975:

This is an appeal by Kanell Jewelers, Inc. and its insurance carrier, The Travelers Insurance Company (Appellants) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to award Susan C. Bell (Claimant) death compensation for the loss of her husband. We affirm.

The Claimant, Susan C. Bell, filed a Fatal Claim Petition on her behalf and on behalf of her three dependent children for death benefits alleging that her husband's death was caused by a work related myocardial infarction, "heart attack."[1]

A hearing was held at which Claimant, an officer of the appellant-corporation, and a board certified physician in internal medicine bearing a subspecialty in cardiology testified. Appellants presented no witnesses. The referee awarded benefits, the Board affirmed the referee's decision and this appeal followed.

Two questions are presented: 1) did decedent sustain a compensable injury as recognized in Section 301(c) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1) (Act), and 2) is there sufficient competent evidence of record upon which the Board can make its decision?

---

1. Edwin J. Bell died on July 25, 1972 from the myocardial infarction he suffered on May 13, 1972.

As to the first question, Judge MENCER, speaking for the Court, wrote in *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company*, 19 Pa. Commonwealth Ct. 90, 93, 94, 338 A.2d 744 746 (1975):

"Our careful review of the 1972 amendments to this section and other sections of the Act compels the conclusion that it is no longer necessary for a claimant to prove an 'accident' in order for his injury to be compensable. The Legislature, by deleting the word 'accident' from Sction 301(c) and substituting for it the word 'injury' in the other sections, has made it clear that injuries sustained by employes after May 1, 1972 are compensable if (1) they arise in the course of employment and (2) are related thereto.

"In the present case, there is little doubt that decedent's injury arose in the course of his employment. The referee's findings, as supported by the uncontradicted evidence in this case, reveal that decedent was on the job performing one of his usual duties at the time of his death. Since the term 'injury arising in the course of employment' is refined in Section 301(c)(1) to include all injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, it is clear that decedent's injury is included in this term.

"Our conclusion that decedent's injury arose in the course of his employment does not end our inquiry. As Section 301(c)(1) makes clear, in order to be compensable, his injury must also be shown to be related to his employment. In other words, the causal connection between decedent's work and his injury and subsequent death must also be proved." (Footnotes omitted.)

No meaningful factual dissimilarity appears between *Jeddo* and this case.[2] Following a careful review of the

2. Similarly, in *Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Donald Meredick v. Auto*

record, we conclude that the causal connection between decedent's work and his myocardial infarction was adequately established by competent medical testimony. Moreover, the record clearly establishes sufficient competent evidence to support the decision of the Board; therefore, we must

ORDER

AND NOW, this 17th day of November, 1975, the decision of the Workmen's Compensation Appeal Board is affirmed and the appeal is dismissed.

---

*Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975), claimant, during the course of loading his truck experienced chest pains which continued intermittently during the remainder of the day and on into the following day when he was hospitalized for a myocardial infarction. In affirming the order of the Board granting compensation, we noted the facts and legal issues were similar to, and therefore controlled by *Jeddo*.