Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Margaret E. Lenz, Widow of Raymond Lenz, Deceased *v.* Ayres Philadelphia, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

250

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*John F. McElvenny,* for appellants.

*Frank J. Eustace, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 9, 1976:
The issue in this workmen's compensation case is whether an acute myocardial infarction suffered by the decedent, Raymond Lenz, is a compensable injury under Section 301 (c) (1) of The Pennsylvania Workmen's Com-

pensation Act (Act)[1] in order that Margaret E. Lenz, widow of decedent (Claimant), may receive benefits.

Decedent had been employed by Ayres Philadelphia, Inc. (Appellant), as a cutter and spreader. His job required an average weekly overtime work on three days. He died on September 14, 1972, while in the course of an assignment he had performed many times before. The undisputed cause of death was a myocardial infarction, "heart attack."

Claimant timely filed a fatal claim petition seeking workmen's compensation benefits on account of decedent's death. After two hearings, the referee awarded benefits which the Workmen's Compensation Appeal Board (Board) affirmed. Appellant now seeks review in this Court.

Section 301 (c) (1) of the Act provides:

"(1) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411 (1).

whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

Since it is no longer necessary for a claimant to prove an "accident," injuries sustained by employees after May 1, 1972 are compensable if (1) they arise in the course of employment and (2) are related thereto. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 93, 338 A. 2d 744, 746 (1975).

The referee's findings, supported by the uncontradicted evidence, reveal that decedent was performing his usual job assignment at the time of his fatal heart attack. Since the term "injury arising in the course of employment" is defined by Section 301(c)(1) to include all injuries sustained while the employee is actually involved in the furtherance of the business of his employer, it is beyond question that decedent's injury is included in this term. *Jeddo, supra,* 19 Pa. Commonwealth Ct. at 93, 338 A. 2d at 747.

However, our inquiry must continue. In order for this injury to be compensable, it must be shown to be related to his employment. Phrased differently, the causal connection between decedent's work and his injury and subsequent death must be proved.

Upon a careful review of the record, we are convinced that this connection between decedent's work and his heart attack was proved by the testimony of Dr. Harvey A. Harris. He testified that the decedent's death was directly related to "[h]is work."

Although this testimony was rebutted by Appellant's medical witness, this conflict was resolved by the referee in Claimant's favor. *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974).

Therefore, we

ORDER

AND NOW, this 9th day of February, 1976, the decision and order of Workmen's Compensation Appeal Board is affirmed and the appeal dismissed. Accordingly, it is ordered that judgment be entered in favor of Margaret E. Lenz, widow of Raymond Lenz, and against Ayres Philadelphia, Inc., in the amount of $76.50 per week beginning September 14, 1972, and continuing for the duration of her widowhood, and the sum of $750.00 on account of decedent's burial expenses, together with interest at the rate of 10 per cent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.