Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Josephine Squillacioti, Widow of Vincent P. Squillacioti, Deceased *v.* Bernard S. Pincus Company, Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*David F. Kaliner,* for appellant.

*Jerry Zaslow,* with him *Modell, Pincus, Hahn & Reich,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 28, 1976:

In this workmen's compensation appeal the facts are not in dispute. Vincent P. Squillacioti (Decedent) had been employed by Bernard S. Pincus Company (Appel-

lant) as a truck driver. His regular and usual duties involved driving a pre-loaded truck to Appellant's consignees, where he carried the packaged meat products to the tailgate of his truck in order for the consignees' employes to unload the shipment.

On July 28, 1972, Decedent had unloaded about one-half of the cargo on his truck to the tailgate when he went to lunch for one-half hour. Upon his return, while walking along the loading dock toward his truck, he died. The undisputed cause of death as adduced at the hearing was acute left anterolateral myocardial infarction, coronary occlusion and atherosclerosis, simply, "heart attack."

Appellant, both in brief and at oral argument, requested this Court to delineate an ecumenical definition of "injury." However, in resolving the issue before us, whether the "heart attack" was compensable "injury" related to his employment, under Section 301(c) of The Pennsylvania Workmen's Compensation Act[1], we need not address Appellant's request. This Court has repeatedly held that where a decedent, as here, was performing his usual job assignment at the time of his fatal heart attack, and the connection between his work and the heart attack was supported by testimony of a physician, that the death was directly related to his work, decedent's claimant was entitled to benefits. *Workmen's Compensation Appeal Board v. Ayers Philadelphia, Inc.*, 23 Pa. Commonwealth Ct. 249, 351 A.2d 306 (1976); *Workmen's Compensation Appeal Board v. Kanell Jewelers, Inc.*, 22 Pa. Commonwealth Ct. 1, 347 A.2d 500 (1975); *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975); *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company*, 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

Accordingly, we

ORDER

AND NOW, this 28th day of May, 1976, the decision and order of the Workmen's Compensation Appeal Board is affirmed and the appeal dismissed. It is further ordered that judgment be entered in favor of Josephine Squillacioti, widow of Vincent P. Squillacioti, and against Bernard S. Pincus Company, in the amount of $71.91 per week beginning July 28, 1972, and continuing for the duration of her widowhood, and the sum of $750.00 on account of Decedent's burial expenses, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Judge KRAMER did not participate in the decision in this case.