A. Rifkin Company, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Sevitski, Respondents.

Argued March 2, 1978, before Judges Crumish, Jr., Rogers and DiSalle, sitting as a panel of three.

*John R. Lenahan, Jr.*, with him *Joseph A. Murphy*, and *Lenahan, Dempsey & Murphy*, for petitioner.

*Joseph P. Coviello*, with him *Dunn, Byrne & Coviello*, and *James N. Diefenderfer*, for respondents.

Opinion by Judge Rogers, March 30, 1978:

The A. Rifkin Company (Rifkin) has appealed from an order of the Workmen's Compensation Appeal Board (Board) which vacated a referee's decision to deny benefits to the claimant, Joseph Sevitski, and remanded the case to the referee for further consideration consistent with the Board's opinion.

While working at his desk as a plant manager for Rifkin, Joseph Sevitski suffered what was later diagnosed as a heart attack. Mr. Sevitski filed a timely claim petition and was afforded a hearing before a referee. The referee dismissed the petition after finding as a fact that the claimant "was performing his usual work in the usual manner and did not suffer an accident or work related injury" and concluding as a matter of law that the claimant "failed

to meet the burden of proof that his disability was the result of an accident or was work related."

On appeal, the Board correctly noted that the 1972 amendments to Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] dispensed with the requirement that injury to be compensable must be the result of an accident.[2] Because the referee had considered the testimony in the light of former and no longer effective law, the Board remanded the record to the referee for reconsideration. An order of remand is normally interlocutory and unappealable. *L & S Tasta Pizza, Inc. v. Lundy,* 27 Pa. Commonwealth Ct. 373, 366 A.2d 592 (1976). Two exceptions to this rule are (1) for appeals of orders of remand where the Board had no jurisdiction because the appeal to the Board from the referee was not timely (*Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973)), and (2) for appeals from orders of remand where the record conclusively establishes that no result other than that reached by the referee could obtain (*United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973)). Neither circumstance exists here.

Accordingly, we enter the following

ORDER

AND Now, this 30th day of March, 1978, the appeal of the A. Rifkin Company from the order of the Workmen's Compensation Appeal Board dated December 9, 1976 is hereby quashed.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

[2] A claimant is now only required to show that his injury arose in the course of his employment and that it was causally connected with his work. *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).