Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Floyd J. Zeli, Respondents.

Argued May 1, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Arthur M. Wilson,* with him *Greenlee, Richman, Derrico & Posa,* for petitioner.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., May 25, 1978:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) remanding the case to the referee "to make a determination . . . as to when claimant knew or by the exercise of reasonable diligence should have known of his compensable disability from coal-worker's pneumoconiosis." We will quash the appeal.

On August 18, 1975, claimant applied for benefits under the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., alleging that he was totally and permanently disabled from coal workers' pneumoconiosis. The referee denied benefits, finding that claimant had failed to give notice to his employer of his total and permanent disability within 120 days after he learned that he was disabled from coal worker's pneumoconiosis. Section 311 of the Act, 77 P.S. §631. The record shows that claimant received an award of benefits for coal workers' pneumoconiosis under federal law on January 19, 1972. Claimant continued to work until August 25, 1973, however, and therefore did not actually receive any federal benefits until after that date. As noted earlier, claimant applied for benefits under Pennsylvania law on August 18, 1975, on which date he also notified his employer of his claim. Claimant had been examined by a physician on August 8, 1975, at which time he was told that he was disabled from coal workers' pneumoconiosis.

The referee found that the claimant must have known by at least January 19, 1972, (the date of the

federal award), that he was suffering from coal workers' pneumoconiosis. The referee therefore concluded that the claimant had not complied with the 120 day notice provision. On appeal, the Board reversed. The Board found that it was patently inconsistent for the referee to have concluded that the claimant had notice of his total and permanent disability as of January 19, 1972, when the claimant continued to work for some 19 months after that date. The Board also stated that it was its policy to disregard awards and proceedings under the federal black lung program. Accordingly, the Board remanded the case to the referee so that he could make a specific finding as to when the claimant had notice of his total and permanent disability.

An order of remand is normally interlocutory and unappealable, but this Court has established two exceptions to that general rule. As stated by Judge ROGERS in *A. Rifkin Co. v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 476, 478, 383 A.2d 990, 991 (1978), these exceptions are:

> (1) for appeals of orders of remand where the Board had no jursisdiction because the appeal to the Board from the referee was not timely (Riley Stoker Corp. v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973)), and (2) for appeals from orders of remand where the record conclusively establishes that no result other than that reached by the referee could obtain (United Metal Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973)).

Since this case does not clearly fall within either of these exceptions, we will quash the appeal. In so doing, we express no opinion as to any of the other legal issues involved here, including the propriety of the remand itself. These issues may be raised by either

of the parties in any future proceedings. *See Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973).

Accordingly, we will enter the following

## ORDER

AND Now, May 25, 1978, the appeal of Bethlehem Mines Corporation from the order of the Workmen's Compensation Appeal Board, No. A-71553, dated October 21, 1976, is quashed and the record is remanded to the Workmen's Compensation Appeal Board.