## Blough v. Three S Coal Co.

*Samuel J. Goldstein*, for plaintiff.
*William L. Kimmel* and *Robert G. Rose*, for defendant.

COFFROTH, *P.J.*, September 30, 1982—This trespass action, brought by plaintiff employee against defendant employer for compensatory and punitive damages arising from an injury suffered by plaintiff during work, and alleged to have been intentionally caused, is here on defendant's preliminary objections demurring on the ground that plaintiff's exclusive remedy is under the Workmen's Compensation Act, and in the alternative seeking a more specific pleading.

The relevant averments of the complaint are these:

"4. On the above said day your plaintiff was directed by the defendant, its agents, officers, and employees to operate a Hi-lift, the same undergoing repairs to its braking devices, at which time, employees of the defendant, making said repairs, were directed to improperly assemble said braking devices with parts missing in order to facilitate the work assigned to your plaintiff, well-knowing that the braking devices on said Hi-lift were improperly installed, not functioning, and a hazard to life and limb, and more particularly to the plaintiff.

"5. As a result of the wanton and willful conduct of the defendant, its agents, officers, and employees, your plaintiff was intentionally wounded, damaged, and inflicted with severe personal injuries, inter alia amputation of the left leg, and other bodily hurts."

The real question at issue here is whether the present Workmen's Compensation Act (Act of 1915 P.L. 736 as amended, 77 P.S. §§1 et seq, hereinafter called Act) which concededly affords the exclusive remedy for injuries covered by it (see §303(a) as amended by Act of 1974 P.L. 782 §6, 77 P.S. §481(a), covers the sort of international injury here alleged. For the reasons hereinafter discussed, we conclude that the complaint pleads an injury covered by the act for which workmen's compensation is the exclusive remedy and that the complaint states no cause of action in tort.

## DISCUSSION

Plaintiff's theory is that an employee's injury resulting from the personal animosity of the actor, even though otherwise within the course of the

employment, is not covered by the Workmen's Compensation Act, and that the employee is therefore free to pursue common law remedies against the employer. He relies principally on Dolan v. Linton's Lunch, 397 Pa. 114 (1959) and Mike v. Borough of Aliquippa, 279 Pa. Super. 382 (1980) as construed in Flaherty v. United Engineers & Contractors, 213 P.S. 835 (E.D. Pa., 1961), and upon §301(c)(1) of the Act as amended, 77 P.S. §411(1). The language of Flaherty quoted in plaintiff's brief as expressing his theory of the case, and quoted in Mike-Aliquippa (392) is as follows (relevant part);

"But §301(c)[1] as amended, 77 P.S. §411[1], included in Article III, according to the *Dolan* decision specifically excludes injuries resulting from personal animosity. It would follow therefore that (plaintiff) may be able to collect damages from (employer) if he can prove that his injuries resulted from the personal animosity of (his assailant)."

Section 301(c)(1) specifically excludes from coverage of the Act,

". . . an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment . . ."
Plaintiff also cites McBride v. Hershey Chocolate Corp., 200 Pa. Super. 347 (1963) and Readinger v. Gottschall, 201 Pa. Super. 134 (1963). Plaintiff's brief then argues that the averments of the complaint bring the instant case within the principle of personal animosity injury, as follows (page 3): "Thus, plaintiff's allegation that defendant's conduct was intentional and motivated by personal animosity must be accepted as true."
Plaintiff's complaint alleges that the actor's conduct was "wanton and wilful" as a result of which

plaintiff was "intentionally" injured, but there is no mention of personal reasons or personal animosity. At argument, plaintiff's counsel asked leave to amend if we should consider the averments insufficiently specific.

The defense theory is that the cases cited permit a common law action for injury to an employee, otherwise within the course of employment, only for "personal assaults or attacks on an employee that arise from personal animosity" (brief page 8), and that no such assault or attack is here alleged, citing and relying principally on Shane v. Bethelehem Steel Co., 61 D. & C. 2d 312 (1972), and also citing the same leading cases cited by plaintiff as above noted. The defense brief (page 5) also argues that the facts alleged do not describe a sufficiently "undesigned event" to be considered an "accident" under the act.

The parties thus agree that there are some injuries at the workplace which are not compensable by the act, and that an essential element of such an excluded intentional injury is that it result from the personal animosity of the actor who inflicts it. What the parties disagree about is what sort of injury-causing conduct, when combined with an intent to injure and personal animosity, is essential to exclude workmen's compensation coverage.

In all of the cases cited above, assaultive conduct, clearly not part of the assigned work being done, was involved (Dolan, Mike Readinger and McBride[1]), except one (Shane). In Shane, several of defendant's employees were engaged in smashing

---

1. The same is true in Gillespie v. Vecenie, 292 Pa. Super. 11, 436 A. 2d 695 (1981), Sklar v. Albert Einstein Medical Center, 67 D. & C. 2d 211 (1974), and Beale v. Hollimon, 8 D. & C. 2d 758 (1956).

metal ingots in a large pit at the employer's plant; in the course thereof, a large piece of metal was catapulted from the pit through the air and through an office building where plaintiff's decedent was working and was struck by it on the head, killing him. The complaint in trespass against defendant employer alleged that the defective condition of the pit had been called to defendant's attention many times but defendant "intentionally, wilfully and with complete disregard for the safety of plaintiff's decedent and others failed to take any action to correct said condition" (id, 314). The court sustained preliminary objections to the complaint on the ground that the averments do not make out a case of intentional infliction in the sense of desiring to cause the consequences of the act in accordance with Restatement (Second) of Torts §8A which describes the kind of intention necessary to take the cause of action out of the ambit of the act.[2] We consider that case well decided, and its pleadings to be closely analogous to those of the instant case. Although Civil Rule 1019(b) permits malice, intent, knowledge and other conditions of mind to be averred generally, the specific kind of intent required—here, a specific intent and desire to harm plaintiff for reasons of personal animosity not directed against him as an employee or because of his employment—must be alleged. A somewhat similar result was reached on a similar issue, although in a different type of action, in Glenn v. Point Park College, 441 Pa. 474, 272 A. 2d 895 (1971); there, averments that defendant acted "intentionally, wrongfully, maliciously, fraudulently, deceitfully

2. Section 8A states: "The word 'intent' is used throughout the Restatement of this subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."

and without justification" were held insufficient to allege a specific intent to bring about the resulting injury, the court saying (482): "While this comes close to charging an intent to cause harm to plaintiffs, it stops short of doing so." Accord: Weber v. Sipe et al, 41 Som. Leg. J. 305, 321 (1982). Of course plaintiff would be entitled to the requested opportunity to amend under Civil Rule 1033, if that would satisfy the objections. See Goodrich Amram 2d §1033:4.

Plaintiff's grounding of his claim on the express personal-reasons (animosity) exclusion of 301(c)(1) raises some problems of interpretation, which warrant definition. We focus on an apparent distinction between treatment of intentional injury caused by the employer or by the injured employee himself, and on the other hand intentional injury caused by a "third person" as stated in that section. This raises the question whether intentional injury by another employee for which the employer is vicariously liable (as here alleged) comes within the act. The relevant statutory provisions are as follows:

(1) Section 301(a), 77 P.S. §431, states in relevant part:

"Every employer shall be liable for compensation for personal injury to, or for the death of each employee, by an injury in the course of his employment, *without regard to negligence*, according to the schedule contained in . . . [the Act], Provided That no compensation shall be paid when the injury or death is intentionally self-inflicted, or is caused by the employee's violation of law." (Emphasis added.)

Nothing is said here about intentional injury by the employer. Readinger v. Gottschall supra, 137. But it can be fairly implied from the language above emphasized that the Act does not contemplate

coverage for injury actually intended by the employer. The cases holding the employer liable in tort for assaultive injury are grounded on §301(a)'s former requirement that compensable injury occur "by an accident". See Readinger v Gottschall, supra, Beale v. Hollimon, 8 D. & C. 2d 758 (1956). But the requirement of accident was deleted by the 1972 amendment to the Act. See: Hinkle v. H.J. Heinz Co., 462 Pa. 111, 116, 337 A. 2d 907, note 4 (1975); Jessop Steel Company v. Pennsylvania Workmen's Appeal Board, 48 Pa. Commw. 450, 409 A. 2d 978 (1980); A. Rifkin Company v Pennsylvania Workmen's Compensation Appeal Board, 34 Pa. Commw. 476, 383 A. 2d 990 (1978). Although the rationale of Readinger and Beale supra is thus undermined, we are inclined to think the holdings of those cases do and should remain valid on the basis of an implication of legislative intent from the language "without regard to negligence" as above mentioned.[3]

----

3. The cases say that an "accident" is an "undesigned event." "That which distinguishes an accident from other events is the element of being unforeseen; an accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen." Adamchick v. Wyoming Valley Colleries Company, 332 Pa. 401, 409, 3 A. 2d 377 (1938). See also: Hinkle v. H.J. Heinz Co., supra; Bauer v. Mesta Machine Co., 393 Pa. 380, 143 A. 2d 12 (1958).

In Readinger v. Gottschall, supra, the court rejected the Minnesota rule that when an employee is intentionally assaulted by the employer, the employee has the election (1) to continue employment and sue for workmen's compensation, or (2) to consider the assault as a termination of employment and sue in tort. There is no language in our statute supporting such an election. Compare Mike v. Borough of Aliquippa, supra, holding that acceptance of workmen's compensation will not bar a later tort action if the case actually comes within the personal-reasons exclusion of §301(c)(1).

By order of August 16, 1982, we directed counsel for the

250

(2) Section 301(c)(1), previously quoted in part, is here stated at greater length (omitting unnecessary words):

"(1) The terms 'injury' and 'personal injury', as used in this Act, shall be construed to mean an injury to an employee . . . arising in the course of his employment and related thereto. . . . The term 'injury arising in the course of his employment', as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment."

The foregoing language of the personal-reasons exclusion limits the exclusion to conduct of a third party, which obviously excludes the employer and

---

parties to file supplemental briefs within 20 days, answering certain stated questions of law; one of those questions inquires whether Readinger and Beale, both supra, remain valid in light of the 1972 amendment eliminating the requirement of accident. Defense counsel filed his supplemental brief giving a negative answer; counsel for plaintiff filed no supplemental brief.

the injured employee. A third person will include a pure stranger to the employment, see Sklar v. Albert Einstein Medical Center, 67 D. & C. 2d 211 (1974) and Pines Plaza Lanes v. Pennsylvania Workmen's Compensation Appeal Board, 61 Pa. Commw. 139, 433 A. 2d 165 (1981); and will include another employee, see: Zimmer v. Casey, 296 Pa. 529, 146 Atl. 130 (1929), Dolan, McBride, Mike, and Gillespie, all supra. As stated in Barbieri, Pennsylvania Workmen's Compensation (Bisel 1975) §4.07.4: "The 'third person' mentioned in this exclusion can be a fellow employee or a complete stranger whose attack is for reasons other than employment."

A question arises whether, in the case of an intentional-personal-reasons injury to an employee by another employee for whose conduct the employer is vicariously liable, the actor's conduct is the "act of a third person" within the meaning of the statute. No such vicarious liability was alleged in Dolan supra (117), but it is alleged here; in Dolan the action was brought and allowed to proceed against the employer on the basis of allegations that the employer was guilty of its own negligence in failing to provide a safe workplace (116, 119); the same is true in McBride (355), Mike, and Gillespie, all supra. There are no such allegations in the instant case. The inquiry may be particularly important in a case such as this where, unlike the other cases above cited, the actor is a supervisory employee whose conduct consisted solely of a direction to the injured employee to do the employer's work (allegedly with knowledge of likely harm and assumedly for reasons of personal animosity). Meucci v. Gallatin Coal Company, 279 Pa. 184, 123 Atl. 766 (1924) involved injury by a foreman whom the court assumed could be a third person within the meaning of §301, but that was an assault and

there was insufficient proof of personal animosity. In Gillespie, supra, 15, the court rejects "the conclusion of the Court below that Transport [employer] cannot be vicariously liable because of the actions by Vecenie [employee] since they are alleged to be intentional"; but that assertion is based on allegations that the employer negligently failed to provide a safe workplace which is really not vicarious liability.[4] Although no case like the instant one in the respects above noted has been cited or found, we are satisfied that even though an employer might be found vicariously liable for a foreman's intentional non-assaultive conduct on other employee, the foreman is still a "third person" within the language of §301(c)(1) because it is his "act," accompanied by the requisite intention and motive, which triggers the exclusion; and once that occurs, the Act is inoperative and all common law rules apply to all parties including the employer.[5]

---

4. Of course, a corporate employer can act only vicariously through agents and employees. The instant defendant is a corporation. The employers found to have committed intentional injury in Readinger and Beale, both supra, were unincorporated natural persons and those decisions, therefore, did not rest on vicarious liability or on the personal-reasons exclusion. Compare the definition of "employee" in §104 of the Act, 77 P.S. §22.

5. Of course, there may be a serious question whether intentional conduct of the foreman is within the scope of *his* employment. See: Restatement (Second) of Agency §§228 et seq; PLE, Workmen's Compensation §142.

In our direction to counsel to file supplemental briefs, see note [3] ante, one of the questions asked was whether an employer, or a person action for and in the employer's behalf is a "third person" within the meaning of §301(c)(1) of the Act. Defense counsel's supplemental brief answered the question in the negative; plaintiff's counsel filed no supplemental brief.

Nevertheless, even if this complaint is amended as previously discussed to delineate accurately the intent and motivation required, we think the personal-reasons exclusion is not applicable to this case, because, whatever the fault or subjective intent and motive of the actor, his "act" as here alleged consisted only of instructions to plaintiff to do work in the ordinary course of the employer's business, "directed against him as an employee" and "because of his employment." Otherwise stated, the phrase: "not directed against him as an employee or because of his employment" modifies not only the words: "intended to injure the employee because of reasons personal to him," but also modifies the words: "an act of a third person." Both the overt act and the subjective mental state must be not directed against the injured party as an employee or because of employment. This conclusion is virtually mandated by the express requirement at the beginning of §301(a)(1) that compensable injury not only arise in the course of the injured employee's employment as later defined in the section, but also that the injury be "related thereto," from which it follows that non-covered injury must be *unrelated* to the "condition of the premises or . . . the operation of the employer's business or affairs thereon." Such is clearly the case with an intentional personal-reasons assault not directed against claimant as an employee or because of his employment; but that is not true of the injury here pleaded which is directly related to the employee's work in the "operation of the employer's business or affairs."

This interpretation best harmonizes the relevant statutory provisions with each other, and with the

basic policy and purposes of the Workmen's Compensation Act, for these reasons:

a. It is consistent with the decided cases applying the personal-reasons exclusion, in all of which the conduct was assaultive.

b. It is consistent with the policy of the law favoring workmen's compensation coverage over common law actions for injury to the employee at work, as expressed in the rebuttable presumption that injury to an employee by a fellow employee is covered by the Act. See: Mike v Borough of Aliquippa, supra, 388.

c. It is consistent with the statute's recognition in §205, 77 P.S. §72, that an injury is compensable by workmen's compensation even though intentionally committed by another employee (where all elements of the personal-reasons exclusion are not present).

d. It avoids the danger of easy escape from compensation coverage simply by overlaying ordinary work conduct with evidence of the actor's subjective mental state without the objective verification furnished by proof of overt conduct clearly distinguishable from ordinary work activity. As stated in Shane v. Bethlehem Steel Co., supra, 317, quoting Duncan v. Perry Packing Co. (Kansas): "To hold otherwise would open a by-pass around the act and permit recovery in common law actions which the act was intended to supersede."

## ORDER

Now, September 30, 1982, the demurrer to plaintiff's complaint is sustained and the complaint is dismissed with prejudice. Costs on plaintiff.