Bethlehem Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Annie M. Lombardi), Respondents.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose, for petitioner.

Stephen L. Dugas, Glass, Glass & Dugas, for respondent, Annie M. Lombardi.

OPINION BY JUDGE BLATT, December 16, 1982:

Bethlehem Steel Corporation (employer) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's granting of death benefits to Annie M. Lombardi (claimant), the widow of Arthur L. Lombardi (decedent).

According to the referee's findings, the decedent was a wheel-roller for the employer for approximately 26 years prior to his death. On May 5, 1976, his last day of work, he took a break for lunch at 8, lay down on a bench to rest for ten minutes and then returned to his work. After bending to perform his work task, he then straightened up to a standing position and fell over backwards. First aid was administered at once and the decedent was then taken to the hospital where he was pronounced dead on arrival.

The claimant has the burden of proving her right to benefits. Halaski v. Hilton Hotel, 487 Pa. 313, 409 A.2d 367 (1979). And where, as here, the party with the burden of proof prevails before the referee, and the Board takes no additional evidence, our scope of review is limited to determining whether any constitutional rights were violated or an error of law was committed or whether a necessary finding of fact was

unsupported by substantial evidence. *Greene County Memorial Hospital v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 82, 432 A.2d 1166 (1981).

A heart attack can be a compensable injury under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), provided it arises in the course of employment and is related thereto. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975). And where, as here, the decedent was performing one of his usual job assignments and the connection between his work and the heart attack was supported by the physician's testimony, the claimant is entitled to benefits. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Company,* 24 Pa. Commonwealth Ct. 655, 357 A.2d 707 (1976), *aff'd* 479 Pa. 286, 388 A.2d 659 (1978). However, the physician's testimony must be unequivocal as to the causal relationship when such a relationship is not obvious. *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976). And the employer contends here that there is not sufficient, competent evidence for the referee's finding that the decedent was the victim of a work-related injury.

We have carefully reviewed the medical evidence, most of it in the form of the expert opinion testimony of Dr. George W. Katter, who stated that there was a direct causal relationship between the type of work which the decedent was engaged to do and the heart attack which he suffered. Although subjected to a lengthy cross-examination by the employer's counsel, Dr. Katter remained unequivocal and the referee clearly was persuaded by his testimony. It is axio-

matic that questions of credibility and of conflicting evidence are for the referee, not for this Court. *Cox v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981), *Harman Coal Co. v. Dunmyre*, 474 Pa. 610, 379 A.2d 533 (1977). And, we must therefore conclude that there is substantial evidence in the record to uphold the referee's award. We will affirm the order of the Board.

ORDER

AND Now, this 16th day of December, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.