Frances M. Mayfield, Petitioner *v.* Workmen's Compensation Appeal Board (Heinz, U.S.A.), Respondents.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Jeffrey S. Weiss,* for petitioner.

*Terry L. M. Bashline,* for respondent, Heinz, U.S.A.

OPINION BY JUDGE BLATT, February 3, 1984:

Frances M. Mayfield (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits.

The facts, as found by the referee, are not in dispute. The claimant was employed by Heinz, U.S.A. (employer) as a packing machine operator. While at work, she struck a wooden platform with her left foot and, because of a bunion on a toe of that foot, she experienced great pain. Her foot was examined by the employer's physician, Louis R. Civitarese, M.D. It was also examined by the claimant's podiatrist, Lamar Cato, D.P.M., who recommended that the bunion be surgically removed. As a result of this surgery, the foot was placed in a cast and she missed six weeks of work for which she filed a claim for benefits. Her petition was denied by the referee, who referred both to the report of the employer's physician, wherein it was stated that "the bunion was not a work-related deformity",[1] and also to the report of the claimant's

---

[1] Dr. Civitarese, in his report, did state that the pain "resulted from a work-related incident". This statement, however, only reinforces the obvious. It is undisputed that she stubbed her toe at work; the ultimate question is, however, whether or not the claimant proved, by unequivocal medical evidence, that the surgery was necessary as a result of this incident, and, therefore, compensable.

podiatrist that the deformity of the left foot had only "a poddible [sic] causal connection" to the incident at the workplace. The Board affirmed the referee's denial of benefits and the instant appeal followed.

The claimant, of course, must prove her right to benefits. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Lombardi)*, 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982). And where, as here, the party with the burden of proof does not prevail before the compensation authorities, our scope of review is limited to determining whether or not an error of law was committed and whether or not the findings of fact are consistent with each other and with the conclusions of law, and whether or not the findings can be sustained without capriciously disregarding competent evidence. *See Interstate United Corp. v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981).

The claimant argues that the compensation authorities capriciously disregarded competent evidence and that she should have been awarded benefits because the surgery was necessary as a result of a work-related aggravation of a pre-existing condition. The employer, however, argues that the claimant did not meet her burden of proof as to the causal connection. *See Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

Reviewing the medical evidence, we believe that the claimant cannot prevail. As previously indicated, the employer's physician stated that the claimant's condition was not work-connected and her own podiatrist went only as far as stating that there was a "possible" causal connection. This is clearly not unequivocal medical evidence, even under *Philadelphia College of Osteopathic Medicine*. As noted by the Board, it was merely a flare-up of a prior condition and al-

though she would obviously receive benefits if the flare-up had caused her to miss work, it was not the flare-up itself but the surgery that kept her from her job, and there is no competent evidence in the record that the surgery was anything but elective.[2]

We will, therefore, affirm the order of the Board.

## ORDER

AND Now, this 3rd day of February, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[2] Disabilities resulting from the natural progress of a pre-existing condition are not compensable. *See Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979).